## Regan et al. v. Lackawanna County Commissioners et al.

*James J. Powell*, for petitioners.

*Everett Rosser, John Scott,* and *John Kelly,* for respondents.

HOBAN, J., August 4, 1947.—This is a procedure instituted by petition and rule to show cause in which plaintiffs seek to have defendants revise the assessment on certain lots of land in the City of Scranton and strike off tax levies as made against these certain lots.

The rule must be discharged and the petition dismissed. The petition is apparently a formal effort to

correct an assessment made by the Board of Assessors of Lackawanna County, which assessment is also used by the City of Scranton and the Scranton School District. The petition indicates that on two adjoining lots of land there were separate improvements, but that on the assessment books the improvements were all carried on a single lot; that the taxes were paid on the lot to which one of the buildings was not assessed and that the taxes were paid to 1945 on the lot which the assessment erroneously considered as having both improvements. The prayer of the petition asked for a rule to show cause why the levies made by the taxing authorities should not be stricken off and a proper assessment made on the lot to which the improvements were erroneously assessed. The petition itself is barren as to the existence of any liens. The briefs indicate that what plaintiffs want is to have the apparently unimproved lot given credit for the taxes paid in full, and to seek a refund from the taxing agencies of the amount of taxes paid in the past by reason of the overassessment on the other lot caused by carrying thereon the improvement which was erroneously added.

The matter of the assessment and collection of taxes is purely a creation of statutory law. Remedies for the correction of faulty assessments and the recovery of taxes improperly levied or collected by error must follow statutory procedure. The proper method for correcting a faulty assessment is by appeal to the board for the assessment and revision of taxes and from there to the court of common pleas, which appeal must be timely. Other possible procedures are by exoneration by the taxing agencies, which is a matter of discretion on the part of such agencies, or by abatement by the proper assessing authorities. There is another method provided by the Act of May 21, 1943, P. L. 349, 72 PS §5566 (b), for the recovery of taxes erroneously paid under the assumption that such taxes were due and owing. Whether the procedure under this act is

applicable in the present situation we will not say. A closer examination of the facts by the parties concerned may indicate that as a possible remedy, but in any event it cannot apply to any taxes paid for a period existing three years prior to the discovery of such erroneously paid taxes.

In any event the procedure taken here is not the proper procedure and the rule will be discharged, without prejudice.

Now, August 4, 1947, the rule to show cause why the levy should not be stricken off and the proper assessment made on lot 11, in square or block 10, in the sixth ward of the City of Scranton, according to the Lackawanna County assessment books, is discharged, without prejudice to the right of plaintiffs to seek any other remedy which may be warranted under the law.